FILED
U.S. District Court
District of Kansas
02/02/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CORBIN S. RICE, )
)
        Petitioner, )
)
v. ) Case No. 25-3230-JWL
)
C. CARTER, Warden, FCI-Leavenworth, )
)
        Respondent. )
)
_____)

## MEMORANDUM AND ORDER

Petitioner has filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges the denial of certain credits against his federal sentence. By Order of October 28, 2025, the Court concluded that petitioner had not shown that the Bureau of Prisons (BOP) had violated federal law in calculating his sentence, and it ordered petitioner to show cause why the petition should not be denied on that basis. Petitioner has now filed a response in which he again argues his claims. The Court concludes, however, that petitioner has still not shown that he is entitled to relief, and the Court therefore **denies** the petition.

First, petitioner claims credits pursuant to *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971), and the BOP's Program Statement 5880.28. As set forth in that program statement, the BOP applies so-called *Willis* credits, in the case of concurrent federal and non-federal sentences (as in this case), for time in non-federal custody after the date of the federal offense up to the date the first sentence (federal or non-federal) begins to run. Thus,

petitioner seeks credit for his time in custody from December 7, 2016 (when he was taken into state custody on state charges), to March 6, 2017 (the date of his state sentencing in three cases).  The statement makes clear, however, that the granting of such credits is subject to 18 U.S.C. § 3585(b), which provides for credit for time in custody prior to the commencement of the federal sentence "that has not been credited against another sentence."  *See id.*; *see also United States v. Wilson*, 503 U.S. 329, 337 (1992) (noting that in revising Section 3585(b) to its present form in 1987, "Congress made clear that a defendant could not receive a double credit for his detention time").[1]

Although the Court cited Section 3585(b) in its prior order, petitioner has not addressed that statute in his most recent brief, and he has not shown that he was not given state credit for the custody time at issue.  Petitioner argues that the time precedes his state sentencing date; but petitioner's prior state parole was also revoked at that time, and it thus appears, as the BOP concluded, that the time was credited against his sentence in the case in which he was paroled.  Applying the terms of the program statement, *Willis* credit is not available to petitioner because the custody time did not precede the date on which the newly-reinstated state sentence was first imposed (prior to the parole and the revocation).  The Court follows other courts in upholding the denial of *Willis* credits in such a situation

---

[1] In *Azure v. Gallegos*, 97 F. App'x 240 (10th Cir. 2004) (unpub. op.), the Tenth Circuit cast some doubt on whether *Willis* credits must be allowed, noting that the *Willis* case was not decided under the current version of Section 3585 and that the *Willis* court had not actually decided whether the defendant was entitled to the federal credits in that case.  *See id.* at 242 n.1.  In *Azure*, the Tenth Circuit concluded at any rate that the district court had properly held pursuant to Section 3585(b) that the petitioner was not entitled to the credits because he had not shown that the pre-federal-sentence time was not credited against his state sentence.  *See id.* at 245-46.

involving a state revocation sentence. *See, e.g.*, *Bodiford v. Shults*, 2019 WL 6907012, at *2-3 (S.D. Miss. Nov. 18, 2019) (report and recommendation), *adopted*, 2019 WL 6895965 (S.D. Miss. Dec. 18, 2019); *Ayala v. Edenfield*, 2013 WL 2422881, at *2 (E.D. Ky. May 31, 2013); *Williams v. Pearce*, 2013 WL 1694658, at *4 (W.D. Tex. Apr. 18, 2013) (report and recommendation); *Stapleton v. Fox*, 2013 WL 1499530, at *3 (E.D. Tex. Mar. 20, 2013) (report and recommendation), *adopted*, 2013 WL 1499523 (E.D. Tex. Apr. 10, 2013).

Simply put, petitioner has not shown that he did not receive state credit for this custody time. Therefore, pursuant to Section 3585(b), petitioner is not entitled to receive such credit against his federal sentence, and thus petitioner has not shown that the BOP erred in denying him this credit. Accordingly, the Court denies the petition with respect to this claim for credit.

Second, petitioner claims that he should be given credit for the period of time from March 8, 2017 (the state sentencing date), to January 23, 2018 (his federal sentencing date), under a *nunc pro tunc* designation of his state institution as a place where he served his federal sentence, which was ordered to be served concurrently with his state sentences. Petitioner argues that BOP Program Statement 5160.05 allows for pre-federal-sentence credits. That program statement does not include any such language, however; instead it allows for the designation in the event of concurrently-running federal and state sentences, so that the start date would usually be the federal sentencing date. As the BOP explained in denying this claim, and as this Court has previously held, petitioner cannot be deemed to have been serving his federal sentence before that sentence was actually imposed in

2018. *See Walker v. Hudson*, 2024 WL 407469, at *1-2 (D. Kan. Jan. 12, 2024) (Lungstrum, J.) (citing cases).

Petitioner has not addressed the Court's holding in *Walker* (despite the Court's citation to that case in its prior order); nor has he cited any authority that a *nunc pro tunc* designation may begin prior to the date of federal sentencing. Petitioner's federal sentence was not running concurrently with any sentence prior to its imposition; thus, petitioner has not shown that he is entitled to such a designation, under either federal law or the BOP program statement, and the Court therefore denies this claim as well.

IT IS THEREFFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 2nd day of February, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge